Call v. Chapman.

---

## Moses Call versus Hiram Chapman.

The right to have one demand set off against another, in this State, is wholly regulated by statute.

In a suit by an indorsee against the maker of a promissory note, indorsed when over due, the latter is not entitled, by the Rev. Stat. c. 115, to set off in payment thereof a note given by the promisee to a third person, and by him indorsed to the defendant.

Assumpsit by the plaintiff as indorsee of a note given by the defendant to Hiram C. Cox. The parties agreed upon a statement of facts, from which it appeared, that the note declared upon, dated Dec. 23, 1841, payable on demand, was indorsed to the plaintiff "after Dec. 16, 1842, and before March 27, 1843."

The defendant filed in set-off a note given by Cox, the payee of the note declared upon, to one Glidden, and by the latter indorsed to the defendant, dated June 30, 1842, payable on demand.

This suit was commenced on March 27, 1843. The only question in the case was, whether the defendant had the right to have the set-off allowed.

*Ruggles*, for the plaintiff.

*J. S. Abbott*, for the defendant.

The opinion of the Court was drawn up by

Shepley J. — This suit is brought by the indorsee of a promissory note against the maker, made by the defendant on December 23, 1841, and payable to Hiram C. Cox, or order, on demand. It does not appear to have been indorsed and delivered to the plaintiff before February 18, 1843. The defendant filed in set-off a promissory note made by Cox on June 30, 1842, and payable to John Glidden or order on demand, and by him indorsed to the defendant.

The question presented for consideration is, whether the defendant may thus pay his note by purchasing one due from his promisee and having one set off against the other.

The right to have one demand set off against another is wholly regulated by the Revised Statutes; and when and in what manner it may be done is prescribed by c. 6, $ 115. It is contended, that mutual demands may be set off by the provisions of the twenty-fourth section; and that these notes are mutual demands, because the defendant became the owner of the note made by Cox, while Cox held the note made by the defendant, and that the plaintiff being the purchaser of a note over due must take it subject to all the equities between the original parties. These positions might be admitted, if all mutual demands were allowed to be set-off by the provisions of that section. But the set off of such demand is only to be made " as provided in the following sections." Those sections must therefore be examined to ascertain the rights of the parties. The manner, in which the demand is to be filed and the notice given, is regulated by the two next sections. The twenty-seventh section provides, that the demand must be founded upon a judgment or upon a contract express or implied.

The twenty-eighth section provides, that no demand shall
be set off unless for the price of real or personal estate sold,
or for money paid, money had and received, or for services done,
or unless it be for a sum liquidated, or one that can be ascer-
tained by calculation. And as the note filed by the defendant
could be proved under a count for money had and received,
it is contended, that the set-off is authorized by that section.
The language is negative only, providing, that no demands
unless of that description shall be set off, not positive, that all
of that description may be. That it was not designed to give
a party the right to have a set-off made in all such cases is
apparent; for the twenty-ninth section provides, that "no de-
mand shall be set off, unless it was originally payable to the
defendant in his own right, except as hereinafter is provided."
This language is plain and positive, that the demand must be
payable to the defendant in his own right, or it can be set off
only as provided in the sections following the twenty-ninth.
The thirtieth section provides, that any demand assigned to
the defendant with notice to the plaintiff of the assignment,
before the action was commenced, may be set off, "if the
plaintiff shall at any time have previously agreed to receive it
in payment, or part payment, of his demand, or to pay the
same to the defendant and not otherwise." It is contended,
that the note purchased by the defendant must be included by
the last clause, because the maker by agreeing to pay it to the
order of Glidden agreed to pay it to the defendant. But it
certainly cannot be included by a literal interpretation of the
language, for that requires, that the plaintiff, not the maker of
the note, should have agreed to pay it to the defendant. If the
maker had been plaintiff, it does not appear to have been
the intention to permit the set-off without a special agreement
on the part of the plaintiff to receive it in payment, or to pay
it to the defendant. For there can be no doubt that such was
the intention respecting demands not negotiable, and the stat-
ute makes no distinction between those, which are and which
are not negotiable. The same language is applied to all, and
doubtless with the same intention. If there had been a design

to make a distinction in this respect between negotiable and other demands, it would probably have been plainly stated. Especially as the right to set off negotiable paper, obtained by purchase to satisfy a debt due from a defendant, had not unfrequently been presented for consideration. It is not perceived, that any of the subsequent sections can vary the rights of the parties.

*Defendant to be defaulted.*