### HOUGHTON *versus* HOUGHTON.

To make an award upon a parol submission binding, it must be proved that the parties mutually and concurrently agreed to abide by it.

What words were used in making *such agreement*, and the meaning attached to them by the parties, under the circumstances of their utterance, can only be determined by the jury.

A claim in set-off, to be available, must be due and payable at the time of the *commencement* of the plaintiff's action.

But a mere *liability* as surety, existing at the time, but not discharged till *after* the plaintiff's suit, cannot be allowed in set-off.

On EXCEPTIONS from *Nisi Prius*, SHEPLEY, C. J., presiding.

ASSUMPSIT, for services rendered, on account annexed to the writ.

The defence set up was, that the whole matter in suit had been referred under a parol submission to referees, who had made up and notified the parties of their award, allowing the plaintiff $50, and that this action was not upon the award.

An account in set-off was also filed, for paying a note for the plaintiff, on which the defendant was surety, to the amount of $105. At the time of the commencement of this suit, this note was outstanding, and before the sitting of the Court to which the writ was returnable, the defendant paid and took up the note, and filed the claim for money paid in set-off.

The presiding Judge instructed the jury, *that* if they should find that the parties had agreed to submit the claim sued for in this action to referees, and that the referees had met and heard the parties and made up an award, and that the parties had mutually agreed, that the award should be final, such award would be a bar to this action, the amount of such award not being included in it, although neither the submission nor the award were reduced to writing; *that* it was not necessary that the parties should have used the words "promise, or abide by, or stand to it," in order to constitute a mutual agreement, that it should be final; but

that they must be satisfied that some words were used by the parties which constituted· an agreement that it should be final.

He further directed them, *that* they should not allow any thing in set-off for the money paid by defendant as surety of the plaintiff, as charged in his account, because it was paid since the commencement of this action.

The jury returned a verdict for plaintiff and defendant excepted.

*May,* for defendant.

1. The Judge erred in saying to the jury that they must be satisfied that some words were used by the parties, which constituted an agreement that it (the award,) should be final. By law the jury were not, and should not have been confined to the words ·used, but should have been left to infer such an agreement from the agreement to refer, and from all the facts and circumstances in the case, or from words in connection with the acts of the parties. *Herbert* v. *Ford,* 33 Maine, 90 ; *Copeland* v. *Hall,* 29 Maine, 93.

2. The Judge erred in directing the jury to· disallow the demand filed in set-off for money paid as surety, between the bringing of this suit, and the entry of the action. The right of set-off depends upon the construction of the statute, and by that any demand which the statute allows may be filed in set-off, if due and payable when filed. *Call* v. *Chapman,* 25 Maine, 28 ; R. S., c. 115, § 24, and on.

*C. W. Walton,* for plaintiff.

To the point that an award of referees is not . binding upon the parties where the submission is by parol, unless they agreed at the time of the submission that it should be final, he cited 2 Greenl. on Ev. § § 69 and 72 ; Bouvier's Law Dict. title Submission. And to the point that the money paid by defendant as surety for plaintiff, after the commencement of this suit, could not be allowed in set-off, he cited *Varney* v. *Brewster,* 14 N. H. 49 ; *Cox* v. *Cooper,* 3 Ala. 256, and other authorities cited in U. S. Dig. sup. vol. 2, p. 758, § § 14 and 15.

APPLETON, J. — This case comes before us on exceptions to the rulings of the presiding Justice. The only question for consideration is, whether they were in accordance with the legal rights of the parties.

The defence to the plaintiff's claim rested upon an award made by referees under a parol agreement to refer. The jury were instructed that "it was not necessary that the parties should have used the words promise, or abide by, or stand to it, in order to constitute an agreement that it should be final, but they must be satisfied that some words were used by the parties, which constituted an agreement that it should be final." To the rest of the charge, so far as it related to the award, no objections were made in argument. When the submission is by parol, to sustain the award, it must be proved that the parties mutually and concurrently agreed to abide by it. It is the province of the jury to determine what words were used, and the meaning attached to them by the parties, as it may be gathered from the circumstances attending their utterance. In the first clause of the instruction, the jury were informed that no particular or prescribed words were necessary to constitute an agreement. The utmost latitude was given them, in affixing the meaning of the words by which the agreement to abide might be substantiated. The words used, with the accompanying facts and circumstances, so far as they might aid in giving a construction to the language of the parties, were before the jury, and no restriction or limitation was imposed as to the meaning they should affix. In *Copeland* v. *Hall*, 29 Maine, 93, the Court left the jury to find the words, but withdrew the consideration of their meaning from the jury, and determined their construction as matter of law, and this was deemed erroneous. But such was not the case here.

When the plaintiff sued out his writ, there had been no payments made by the defendant, which could have been filed in set-off. Since that time, the defendant has paid a note of one hundred dollars, which he signed as surety for

the plaintiff, and upon which he was then liable. That amount he has filed in set-off, and claims to have allowed in reduction of the plaintiff's demand.

The rights of parties are ordinarily to be determined upon the state of facts, as existing when the claim in controversy was put in suit. "It may be considered as a settled rule of pleading," says Lord ELLENBOROUGH, in *Le Bret* v. *Papillon,* 4 East, 506, "that no matter of defence arising after action brought, can properly be pleaded in bar of the action generally." All such matters should be pleaded in bar of the further maintenance of the suit. The set-off of mutual demands is determined by statute, and the rights of parties must depend upon the provisions by which it is regulated. It was determined in *Evans* v. *Prosser,* 3 T. R. 187, that a plea of set-off, that the plaintiff was indebted to the defendant at the time of the plea pleaded was bad, and that it should state that he was indebted at the commencement of the action. In *Speedbury* v. *Gillam,* 4 Eng. Law and Eq. 464, PARKE, B., says, "the plea of set-off applies to an account taken at the commencement of the suit."

The R. S., c. 115, do not require a set-off to be pleaded, as in the English practice. By § 41, it is provided that "all cases of set-off may be tried upon the issue joined, without any further plea; and in all actions except assumpsit, when an issue to the country is not otherwise formed, the defendant may plead that he does not owe the sum demanded by the plaintiff; which shall be deemed a good plea or general issue, for the purpose of trying the merits of the cause." As the general issue relates to the rights of the parties as existing at the commencement of the suit, the set-off must have reference to the same period of time. By § 44, the statute of limitations, "if applicable to the set-off," is to "be applied in the same manner, as if an action thereon had been commenced at the time when the plaintiff's action was commenced." The set-off when filed is to have relation back to the date of the plaintiff's writ, and its effect is to be the same as if then filed. Though the set-off may be

outlawed when filed, yet if that was not the case when the plaintiff commenced his action, the bar of time will not apply. It is obvious that it was the intention of the Legislature, that the set-off should be deemed as of the date of the writ, and that nothing subsequently accruing could be filed. *Varney* v. *Brewster,* 14 N. H. 49. It was decided in *Bigelow* v. *Folger,* 2 Met. 255, that when, after a suit is commenced by an administrator, the estate is insolvent, the defendant may set off a note which falls due pending the suit, though not due and payable when the action was commenced. "This," says Shaw, C. J., "does not stand upon the law regulating set-off generally, but on the law respecting the settlement of insolvent estates."

The set-off was rightfully rejected.

The defendant may commence a suit on his claim, if not allowed by the plaintiffs, and the Court have the authority to order a set-off of the respective judgments, if justice shall require it. *Exceptions overruled.*

*Judgment on the verdict.*

Tenney, Wells and Howard, J. J., concurred.